UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:15cr001 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARK A. GREEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical condition, i.e., stage IV mouth cancer, together with the risk of COVID-19, qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c) that warrant compassionate release. His medical records, however, do not reflect that his conditions substantially diminish his ability to engage in self-care within his facility. The records show Defendant is independent in his daily activities, including physical activity and work assignments. The BOP appears to have established a thorough treatment plan for Defendant's cancer, including regular visits to the chronic care clinic, prescription medications, sick calls, PET-CT scans, ENT exams, and several weeks of chemoradiation treatment. Indeed, in August 2022, the oncologist noted that the malignant neoplasm in Defendant's oropharynx was in remission. Additionally, Defendant has been vaccinated against COVID-19. Notably, "[t]he COVID-19 pandemic, standing alone, does not warrant a reduction of sentence." United States v. Salter, No. 117CR00287LMMJFK, 2020 WL 5223543, at *2 (N.D. Ga. Sept. 1, 2020) (citing United States v. Rodriguez-Orejuela, 457 F. Supp. 3d. 1275, 1286 (S.D. Fla. April 28,

3

2020); United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." (quotation marks omitted))). As such, the Court finds Defendant has shown no extraordinary and compelling reason for release under § 3582(c).

Additionally, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, Defendant was the leader of a drug distribution conspiracy involving large quantities of illegal drugs, including cocaine, cocaine base, and marijuana. Defendant operated the "trap house" from which drugs were distributed. He pleaded guilty to conspiracy to possess with intent to distribute a quantity of cocaine, a lesser included offense of Count 1 of the indictment. As part of the offense, Defendant was attributed with 791.66 grams of cocaine base, 4,021.64 grams of cocaine hydrochloride, and 4,342 grams of marijuana. Defendant had a criminal history category of III and an offense level of 34, meaning his advisory guideline range was 188 to 235 months' imprisonment. In May 2016, the Court sentenced Defendant to 132 months' imprisonment, a downward variance from the guideline range. Notably, by pleading guilty to a lesser included offense of one of the twenty-three counts with which he was charged, Defendant avoided exposure to further sentencing liability; indeed, pursuant to the plea agreement, the Government moved to dismiss the other twenty-two counts lodged against Defendant. Defendant's projected release date is December 2, 2024, meaning he has approximately twenty-five months left to serve. If he were released now, he will have served well below both his guideline range and favorable sentence. Additionally, Defendant's criminal history demonstrates a pattern of drug possession, with him being arrested

4

eighteen times, during thirteen of which he used a false name. Yet, he was not deterred from further criminal activity. In fact, Defendant has been sanctioned four times for disciplinary incidents while incarcerated. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

October 31, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA